**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PAYGEO, LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | § § § § § § § § | Case No. 2:25-cv-00334-RWS-RSP |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). **Dkt. No. 35**. In the Motion, Defendant argues that the asserted claims of U.S. Patent Nos. 8,554,671 ("'671 patent"), 10,796,296 ("'296 patent"); 10,937,018 ("'018 patent"); 11,087,307 ("'307 patent"); and 12,014,347 ("'347 patent") (together: "asserted patents") are invalid under 35 U.S.C. § 101. For the reasons discussed below, the Court finds that the Motion should be **DENIED**.

## I. BACKGROUND

The asserted patents all relate to mobile payment systems and share a common specification. Dkt. No. 35 at 1. More specifically, the '671 patent claims a secure payment system and method between mobile devices; the '296, '018, and '307 patents claim a secure mobile wallet system; and the '347 patent claims a device side security authentication method.

## II. LEGAL STANDARD

### A. Rule 12(c) Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Id.* at 313 n.8.

A court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B. § 101 Alice Framework**

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The Supreme Court therefore instructs courts to distinguish between claims that set forth patent ineligible subject matter and those that "integrate the building blocks into something more." *Id*. at 217.

Courts use a two-step framework for analyzing whether claims at issue claim patent-eligible subject matter. *Id*. at 217–18; *Enfish, LLC v. Microsoft Corp*., 822 F.3d 1327, 1334 (Fed. Cir. 2016). First, courts "determine whether the claims at issue are directed to a patent-ineligible

concept." *Id.* (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77–78 (2012))). In doing so, the court must be wary not to over generalize the invention, as "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 71) (ellipsis in *Alice*).

"If this threshold determination is met, [courts] move to the second step of the inquiry and 'consider the elements of each claim, both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application.'" *Enfish*, 822 F.3d at 1334 (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 79)). A claimed invention is patent-eligible at *Alice* Step Two when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225) (quoting *Mayo*, 566 U.S. at 73 (internal quotation marks and brackets omitted)).

Patent eligibility is a question of law, based on underlying facts. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018), *cert. denied,* 139 S. Ct. 2747 (2019), *reh'g denied,* No. 18-1199, 2019 WL 3976449 (Aug. 23, 2019). Whether the claim elements or combination are well-understood, routine, and conventional is a question of fact. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

## III. ANALYSIS

### A. Claim Construction

Plaintiff argues that any discussion of § 101 patentability is foreclosed, because claim construction is required for the claim terms. Dkt. No. 42 at 28. Plaintiff's brief identifies several

terms in each patent that it argues require claim construction. *Id.* at 29. Plaintiff's proposed constructions seek to emphasize the security of the claimed inventions, which it argues is critical to the invention's patentability. *Id.* In its sur-reply, Plaintiff points to Federal Circuit caselaw, where a § 101 challenge was rejected when the claims were directed to computer security improvements. *See TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1296 (Fed. Cir. 2020) (finding eligible a patent, because it is directed to a *particular problem*).

Defendant argues that regardless of Plaintiff's "secure" constructions, the asserted patents remain directed to patent ineligible concepts. Dkt. No. 54 at 10. Defendant cites to several Federal Circuit cases where computer security related claims were directed to patent ineligible concepts. *Id; See Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1353 (Fed. Cir. 2021) (finding patent ineligible where the claims' result is the same as an "additive increase in security"); *Innovation Scis., LLC v. Amazon.com, Inc.*, 778 F. App'x 859, 863 (Fed. Cir. 2019) (finding ineligibility where the claims recited a secure credit card processing method "in merely functional, result-oriented terms," and lacked technological improvement).

The Court finds that further claim construction is required. The patents' alleged inventive concept is a secure means to facilitate mobile payment technologies. Plaintiff's response raises several terms in each patent that require construction. Plaintiff also sufficiently argues *why* claim construction is required – that Defendant's *Alice* Step 2 argument depends on whether the claimed advances in security add an inventive concept to an otherwise ineligible concept. Federal Circuit caselaw makes clear that in the context of computer security, patentability often hinges on how exactly the patent defines precisely *how* the security process works. Reading the pleaded facts in a light most favorable to the Defendant, the Court cannot analyze this step without an

understanding of the "security" features in the claimed invention. Therefore, Defendant's Motion is premature and must be denied.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's Motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **no later than March 27, 2026** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 16th day of March, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE