**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

PAYGEO, LLC,                          §
                                      §
            Plaintiff,                §
                                      §
v.                                    §    Case No. 2:25-cv-00334-RWS-RSP
                                      §
SAMSUNG ELECTRONICS CO., LTD.         §
and SAMSUNG ELECTRONICS               §
AMERICA, INC.,                        §
                                      §
            Defendants.               §

## ORDER

Before the Court is Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.'s Motion for Judgment on the Pleadings. Docket No. 35. This case was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. The Magistrate Judge issued a report and recommendation, recommending denial of Defendants' motion. Docket No. 68. On March 27, 2026, Defendants filed objections to the Report and Recommendation. Docket No. 71.

## BACKGROUND

On April 2, 2025, Plaintiff PayGeo, LLC filed the above-captioned patent infringement action. Docket No. 1. Plaintiff contends that Defendants infringe U.S. Patent Nos. 8,554,671 ("the '671 Patent"), 10,796,296 ("the '296 Patent"), 10,937,018 ("the '018 Patent"), 11,087,307 ("the '307 Patent"), and 12,014,347 ("the '347 Patent"). *Id.* at ¶¶ 15–23. The asserted patents relate to mobile payment systems. Docket No. 35 at 1.

In their briefing on Defendants' motion, the parties disputed whether claim construction was required prior to any *Alice* analysis. *See* Docket No. 42 at 28–29; Docket 54 at 9–10. Plaintiff

relied on *TecSec, Inc. v. Adobe Inc.* to argue that because the patents at issue are directed at a "particular problem" in computer security, claim construction is required to ascertain whether these security improvements are patentable. 978 F.3d 1278, 1296 (Fed. Cir. 2020); Docket No. 56 at 2.

Defendants argue that regardless of how the claims are construed, the patents lack an "inventive concept" as required at the second step of *Alice*. Docket No. 54 at 10. In support of this proposition, Defendants cite Federal Circuit cases in which computer security patent claims were found to be patent ineligible. Docket No. 54 at 10 (citing *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1353 (Fed. Cir. 2021) (concluding that claims were patent ineligible where they covered an invention that merely resulted in an "additive increase in security"); *Innovation Scis., LLC v. Amazon.com, Inc.*, 778 F. App'x 859, 863 (Fed. Cir. 2019) (holding claims were ineligible where they recited a secure credit card processing method "in merely functional, result-oriented terms" and lacked technological improvement)).

In the Report and Recommendation, Judge Payne determined that judgment on the pleadings was inappropriate because claim construction was required before the Court could perform any *Alice* step two analysis. *See* Docket No. 68 at 4–5. In particular, Judge Payne concluded that Defendants' "*Alice* Step 2 argument[s] depend[] on whether the claimed advances in security add an inventive concept to an otherwise ineligible concept." *Id.* at 4. Judge Payne relied on Federal Circuit caselaw that "makes clear that in the context of computer security, patentability often hinges on" the manner in which "the patent defines [] ***how*** the security process works." *Id.* (emphasis in original). Judge Payne concluded that judgment on the pleadings is inappropriate because the Court cannot analyze *Alice* step two "without an understanding of the 'security' features in the claimed invention." *Id.* at 4–5.

## ANALYSIS

Defendants' objections largely rehash arguments in their briefing on the motion. Defendants argue that even under Plaintiff's proposed constructions, the asserted patents do not provide an understanding of their security features and thus do not include an inventive concept as required by *Alice* step two. Docket No. 71 at 2. Moreover, Defendants contend that each of Plaintiff's proposed constructions essentially "add[] the word 'secure' to the claims," and thus such constructions "do[] not alter the eligibility analysis." *Id.* at 3–4. Defendants concede that Plaintiff's proposed construction of the term "generating a code containing the financial information" in claim 1 of the '671 Patent does more than simply add the word "secure" to the claims. *Id.* at 4. Namely, Plaintiff proposes that that term requires "a generated code that is unique to the financial information which enables for a secure transaction." Docket No. 42 at 29. However, Defendants counter that the use of "unique" codes also cannot rise to the level of an inventive concept because *Boom! Payments, Inc. v. Stripe, Inc.* determined that an "identification code" did not add an inventive concept to claim subject matter that was directed to an abstract idea. Docket No. 71 at 4 (citing 839 F. App'x 528, 532 (Fed. Cir. 2021)).

Defendants' objections are unpersuasive. Defendants' contention that Plaintiff's proposed constructions merely add the term "secure" to the claim language is inapposite. *Id.* at 3–4. First, this oversimplifies the "generating a code" term that Plaintiff seeks to construe as "a generated code that is unique to the financial information which enables for a secure transaction." *Id.* at 4.

Second, the Federal Circuit has determined that security features can give rise to inventive concepts, *TecSec*, 978 F.3d at 1296, and whether Plaintiff's proposed constructions apply has a bearing on the eligibility of the claims. At a high-level, Plaintiff has argued that the alleged inventive concept of the asserted patents "is a secure means to facilitate mobile payment technologies." Docket No. 68 at 4. Plaintiff's proposed constructions, which involve the term

"secure," have an impact on "whether certain benefits recited in the pleadings or specification are actually present in the claims" or "wholly divorced" therefrom. *GREE Inc. v. Supercell OY*, No. 2:19-CV-000172-JRG-RSP, 2020 WL 897250, at *3 (E.D. Tex. Jan. 5, 2020), *report and recommendation adopted*, No. 2:19-CV-172-JRG-RSP, 2020 WL 887734 (E.D. Tex. Feb. 24, 2020); *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019). And, as the Magistrate Judge concluded, determining whether the asserted patents include an inventive concept depends on how the "security" features in the claimed inventions work. Docket No. 68 at 4–5. Viewing the facts in the light most favorable to Plaintiff, Defendants have failed to prove by clear and convincing evidence that the asserted patents are ineligible even if the Court were to accept Plaintiff's proposed constructions. *Cf. Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) ("If there are claim construction disputes at the Rule 12(b)(6) stage, we have held that either the court must proceed by adopting the non-moving party's constructions, or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis, which may well be less than a full, formal claim construction." (internal citations omitted)).

With respect to the "generating a code" term, Defendants attach great import to the Federal Circuit's decision in *Boom! Payments*, but that case is distinguishable. In that case, the Federal Circuit determined that an "identification code known only to the buyer and the third party to verify a transaction" could not give rise to an inventive concept because it "cannot be said to be a 'technological' solution that improves the functioning of a computer system." *Boom! Payments*, 839 F. App'x at 532. Moreover, in *Boom! Payments*, the plaintiff's allegations supporting its *Alice* step two contentions were entirely conclusory. *Id.* at 533–34. By contrast, here, Plaintiff has adequately pleaded and provided evidence that the claimed "generating a code" step solves a

problem unique to computers that improves their functioning. *See* Docket No. 42 at 18 ("The claimed system of the '671 Patent solves the technological problem of unsecure transactions by providing a platform that obfuscates the account information utilizing mobile stations that generate codes that correspond to the transaction and reverse codes that confirm the transaction."); Docket No. 1 at ¶¶ 29–31; Docket No. 42-1 at ¶¶ 20–21; *cf. TecSec*, 978 F.3d at 1296 ("Here, although the patent involves multilevel security, that does not negate the conclusion that the patent is aimed at solving a particular problem of multicasting computer networks."). Whether the "generating a code" step actually covers such benefits is better resolved after the Court's *Markman* proceedings, rather than at the pleading stage.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Defendants objected. *See* 28 U.S.C. § 636(b)(1) (explaining that the District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct, and Defendants' objections are without merit. Accordingly, it is

ORDERED that Defendants' objections (Docket No. 71) are **OVERRULED**. It is further

ORDERED that the Report and Recommendation of the Magistrate Judge (Docket No. 68) is **ADOPTED** as the opinion of the District Court. It is further

ORDERED that Defendants' motion for judgment on the pleadings (Docket No. 35) is **DENIED**.

**So ORDERED and SIGNED this 31st day of March, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE